JODI LINKER
Federal Public Defender
Northern District of California
GABRIELA BISCHOF
SOPHIA WHITING
Assistant Federal Public Defenders
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:   (415) 436-7706
Email:       Gabriela_Bischof@fd.org

Counsel for Defendant BARNES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No.:** CR 22–00429 VC |
| Plaintiff, | **MOTIONS IN LIMINE** |
| v. | **Court:** Courtroom 4, 17th Floor |
| MARKQUEZ BARNES, | **Hearing Date:** April 18, 2023 |
| Defendant. | **Hearing Time:** 1:00 p.m. |

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ........................................................................................................... i

Table of Authorities ................................................................................................................ i

**INTRODUCTION** .................................................................................................................. 1

**BACKGROUND** .................................................................................................................... 1

**ARGUMENT** .......................................................................................................................... 1

I.      The Court Should Exclude Any Late-Disclosed Discovery ........................................... 1

II.     The Court Should Exclude Evidence of Other Acts ...................................................... 1

       A.     Mr. Barnes's 2019 Firearm Possession Conviction is Inadmissible ................... 3

            1.     The Government's 404(b) Notice is Insufficient ...................................... 4

            2.     The 2019 Prior is Inadmissible Under Rules 404(b) and 402 .................. 4

            3.     The 2019 Prior is Inadmissible Under Rule 403 .................................... 5

       B.     Evidence from Instagram is Inadmissible ................................................................ 5

            1.     The Government's 404(b) notice is insufficient ...................................... 5

            2.     Instagram evidence is inadmissible under Federal Rules 901 and 402, in the alternative, the defense requests an evidentiary hearing ................... 6

            3.     Instagram Evidence is not precluded from 404(b) analysis ..................... 8

            4.     Instagram evidence is inadmissible under Rule 403 ............................... 8

       C.     Unspecified Photographs From Probation's Cell Phone Extraction Are Inadmissible ....................................................................................................... 9

            1.     The government's 404(b) notice is insufficient ...................................... 9

            2.     Photographs of firearms are inadmissible under Rules 901 and 402 ...... 10

            3.     Photographs of firearms are inadmissible under Federal Rule of Evidence 403 ...................................................................................... 10

       D.     Evidence of or Reference to Gang Affiliation is Inadmissible. .......................... 11

            1.     Evidence of gang affiliation should be excluded under Rules 402, 901 . 11

            2.     Evidence of gang affiliation should be excluded under Rule 404(b) ...... 11

            3.     Evidence of gang affiliation should be excluded under Rule 403 .......... 12

III.    Evidence and argument regarding why any other firearm was not charged should be excluded ................................................................................................................ 13

IV.    The court should exclude proffered testimony of government experts and any unnoticed expert testimony or opinions ...................................................................................... 14

 A. The Court Should Exclude Any Undisclosed Experts Or Opinions ................... 14

 B. The Court Should Exclude the Proposed Expert Testimony of Special Agent Centrofranchi ............................................................................................... 16

  1. The government failed to provide adequate notice for Special Agent Centrofranchi's testimony about the firearm and ammunition ............... 16

  2. Special Agent Centrofranchi's proposed testimony violates the Confrontation Clause ..................................................................... 17

 C. The Court Should Exclude the Testimony of SFPD Sgt. Dudley ...................... 18

  1. Sgt. Dudley's opinions regarding gang use of social media are not reliable or helpful to the jury ................................................... 18

V.    The Court Should Designate All Government Witnesses as Under Defense Subpoena Unless Released .............................................................................................. 20

VI.    Government Witnesses Must be Excluded from All Trial Troceedings (Fed. R. Evid. 615) .................................................................................................................... 20

VII.    The Court Should Exempt the Defense Investigator from Witness Exclusion Orders (Fed. R. Evid. 615(c)) .................................................................................. 21

VIII.    Disclosure of Henthorn, Brady, Giglio, and Jencks Act materials (Crim. L.R. 17.1-1(b)(1)-(3)) ............................................................................................... 22

1

# TABLE OF AUTHORITIES

2

**Supreme Court Opinions**

3

*Brady v. Maryland*,

4
    373 U.S. 83 (1963) ................................................................................................................ 22

*Crawford v. Washington*,

5
    541 U.S. 36 (2004) ............................................................................................................... 17

6

*Daubert v. Merrell Dow Pharms., Inc.*,

7
    509 U.S. 579 (1993) ............................................................................................................. 14

*Dawson v. Delaware*,

8
    503 U.S. 159 (1992) ............................................................................................................. 11

9

*Geders v. United States*,

10
    425 U.S. 80 (1976) ............................................................................................................... 21

*Giglio v. United States*,

11
    405 U.S. 150 (1972) ............................................................................................................. 22

12

*Link v. Wabash R. Co.*,

13
    370 U.S. 626 (1962) ............................................................................................................. 20

*Melendez-Diaz v. Massachusetts*,

14
    557 U.S. 305 (2009) ............................................................................................................. 17

15

*Old Chief v. United States*,
    519 U.S. 172 (1997) ............................................................................................................... 3

16

**Court of Appeals Opinions**

17

*Cooper v. Brown*,

18
    510 F.3d 870 (9th Cir. 2007) ............................................................................................... 14

19

*Kennedy v. Lockyer*,

20
    379 F.3d 1041 (9th Cir. 2004) ............................................................................................. 12

*Lloyd v. McKendree*,

21
    749 F.2d 705 (11th Cir. 1985) ............................................................................................. 20

22

*McKinney v. Rees*,

23
    993 F.2d 1378 (9th Cir. 1993) ............................................................................................... 5

*Primiano v. Cook*,

24
    598 F.3d 558 (9th Cir. 2010) ............................................................................................... 14

25

*Taylor v. United States*,

26
    388 F.2d 786 (9th Cir. 1967) ............................................................................................... 21

*United States v. Barker*,

27
    553 F.2d 1013 (6th Cir. 1977) ............................................................................................. 20

28

*United States v. Bonelli*,
    665 F. App'x 593 (9th Cir. 2016) ..................................................................................... 9, 10

*United States v. Brewer*,
   947 F.2d 404 (9th Cir. 1991) ................................................................................. 21

*United States v. Curtin*,
   489 F.3d 935 (9th Cir. 2007) ................................................................................... 3

*United States v. Daly*,
   974 F.2d 1215 (9th Cir. 1992) ................................................................................. 8

*United States v. Dickens*,
   775 F.2d 1056 (9th Cir. 1985) ............................................................................... 11

*United States v. Ell*,
   718 F.2d 291 (9th Cir. 1983) ................................................................................. 21

*United States v. Grace*,
   526 F.3d 499 (9th Cir. 2008) ................................................................................. 15

*United States v. Hankey*,
   203 F.3d 1160 (9th Cir. 2000) ......................................................................... 14, 18

*United States v. Henthorn*,
   931 F.2d 29 (9th Cir. 1991) ................................................................................... 22

*United States v. Hermanek*,
   289 F.3d 1076 (9th Cir. 2002) ............................................................................... 20

*United States v. Hitt*,
   981 F.2d 422 (9th Cir. 1992) .............................................................................. 9, 10

*United States v. Irvin*,
   87 F.3d 860 (7th Cir. 1996) ................................................................................... 12

*United States v. Juarez*,
   573 F.2d 267 (5th Cir. 1978) ................................................................................. 21

*United States v. Lewisbey*,
   843 F.3d 653 (7th Cir. 2016) ................................................................................... 7

*United States v. Luna*,
   21 F.3d 874 (9th Cir. 1994) ..................................................................................... 2

*United States v. Martinez-Rios*,
   595 F.3d 581 (5th Cir. 2010) ................................................................................. 17

*United States v. Mayans*,
   17 F.3d 1174 (9th Cir. 1994) ................................................................................... 2

*United States v. Mehrmanesh*,
   689 F.2d 822 (9th Cir. 1982) ............................................................................... 2, 4

*United States v. Mejia*,
   545 F.3d 179 (2d Cir. 2008) ........................................................................... 14, 18

*United States v. Morley*,
   199 F.3d 129 (3d Cir. 1999) ................................................................................... 4

*United States v. Roark,*
   924 F.2d 1426 (8th Cir. 1991) ................................................................................. 12

*United States v. Santiago,*
   46 F.3d 885 (9th Cir. 1995) ................................................................................... 11

*United States v. Sepulveda,*
   15 F.3d 1161 (1st Cir. 1993) ................................................................................. 21

*United States v. Tank,*
   200 F.3d 627 (9th Cir. 2000) ................................................................................... 6

*United States v. Thomas,*
   321 F.3d 627 (7th Cir. 2003) ................................................................................ 5, 9

*United States v. Valencia-Lopez,*
   971 F.3d 891 (9th Cir. 2020) ................................................................................. 16

*United States v. Vayner,*
   769 F.3d 125 (2d Cir. 2014) ........................................................................... 6, 7, 12

*United States v. Vega,*
   188 F.3d 1150 (9th Cir. 1999) .............................................................................. 9, 10

*United States v. Vizcarra-Martinez,*
   66 F.3d 1006 (9th Cir. 1995) ........................................................................... 2-3, 4, 8

**District Court Opinions**

*Brandon v. Maywood,*
   179 F. Supp. 2d 847 (N.D. Ill. 2001) ....................................................................... 16

*United States v. Cerna,*
   No. CR 08-0730 WHA, 2010 U.S. Dist. LEXIS 146687 (N.D. Cal. Dec. 17, 2010) ............... 18, 19

*United States v. Cerna,*
   No. CR 08-0730 WHA, 2010 WL 2347406 (N.D. Cal. June 8, 2010) ...................................... 17

*United States v. Cervantes,*
   No. CR 12-792 YGR, 2016 U.S. Dist. LEXIS 15837 (N.D. Cal. Feb. 9, 2016) ......................... 19

*United States v. Ortiz,*
   10 F. Supp. 2d 1058 (N.D. Iowa 1998) .................................................................. 21, 22

*United States v. Valdez,*
   No. 18-cr-00608-JD-1, 2019 WL 539074 (N.D. Cal. Feb. 11, 2019) ..................................... 17

*United States v. Williams,*
   No. 13-cr-00764-WHO, 2016 U.S. Dist. LEXIS 30318 (N.D. Cal. Mar. 9, 2016) ....................... 19

**State Cases**

*State v. Allcock,*
   212 Vt. 526 (2020) ............................................................................................... 7

1

**United States Code**

2

18 U.S.C. § 921 ............................................................................................................ 16

18 U.S.C. § 922 .............................................................................................................. 1

3

18 U.S.C. § 3500 .......................................................................................................... 22

4

**Rules**

5

Fed. R. Crim. P. 16 ................................................................................................ passim

6

Fed. R. Crim. P. 16.1 ..................................................................................................... 1

7

Fed. R. Crim. P. 17 ....................................................................................................... 20

Fed. R. Evid. 401 ....................................................................................................... 5, 7

8

Fed. R. Evid. 402 ......................................................................................................4, 11

9

Fed. R. Evid. 403 ................................................................................................... passim

Fed. R. Evid. 404 ................................................................................................... passim

10

Fed. R. Evid. 615 ............................................................................................. 20, 21, 22

11

Fed. R. Evid. 702 ......................................................................................................... 14

12

Fed. R. Evid. 901 .................................................................................................. 6, 8, 18

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INTRODUCTION

Markquez Barnes files the following motions in limine in accordance with the Court's April 30, 2019, Standing Order for Criminal Cases.

## BACKGROUND

Mr. Barnes is charged with the offense of felon in possession of firearm and ammunition (18 U.S.C. § 922(g)(1)) for allegedly possessing one SPH Springfield Armory XD40 firearm bearing serial number "XD585934" on or about May 20, 2022. Dkt 1. According to the government, a superseding indictment has been obtained and will be filed charging Mr. Barnes with allegedly possessing a firearm and ammunition on June 17, 2022. After following the Instagram account "i_do_it_fo_spunkz_and_yase" for several months and recording approximately 23 Instagram Stories and one Instagram post, officers obtained a search warrant for 42 Brookdale, the residence of Mr. Barnes's mother and brothers. Officers executed the warrant on June 17, 2022. Mr. Barnes was arrested while checking in with his probation officer and a cell phone was recovered from his person. One SPH Springfield Armory XD40 firearm, ammunition, and a magazine was found in his brother's room. A DNA analysis performed by government Criminalist Alain Oyafuso determined that Mr. Barnes is excluded as a contributor to the DNA on the weapon.

## ARGUMENT

### I.     The Court Should Exclude Any Late-Disclosed Discovery

This Court set a March 28, 2023, deadline for notice of other acts evidence the government will seek to introduce. Dkt. 42 at 1. In that Order, the Court also set an April 3, 2023, deadline for expert disclosures. *Id.* at 2. The Court should exclude any and all evidence which was not disclosed in compliance with this Order. Fed. R. Crim. P. 16(d)(2). Mr. Barnes also filed a Motion for Pretrial Discovery Cut-Off Date Pursuant to Rule 16.1 and, if granted, the Court should exclude discovery provided after April 3, 2023.

### II.    The Court Should Exclude Evidence of Other Acts

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Fed. R. Evid.

MOTIONS IN LIMINE
*BARNES*, CR 22–00429 VC

404(b). Under the terms of Rule 404(b), the government must affirmatively and specifically provide "reasonable notice in advance of trial" its intention to introduce any particular evidence of "other crime, wrongs, or acts." *See* Fed. R. Evid. 404(b)(2); *see also, e.g., United States v. Vega*, 188 F.3d 1150, 1152-53 (9th Cir. 1999) (quoting Rule 404(b)(2)). Similarly, Northern District Criminal Local Rule 16-1(c)(3) requires the government to disclose "a summary of any evidence of other crimes, wrongs or acts which the government intends to offer under Fed. R. Evid. 404(b), and which is supported by documentary evidence or witness statements in sufficient detail that the Court may rule on the admissibility of the proffered evidence." Crim. L.R. 16-1(c)(3); *see also United States v. Mayans*, 17 F.3d 1174, 1183 (9th Cir. 1994) (explaining that, without pretrial notice, the trial court cannot "make the focused determination of relevance mandated" by Rule 404(b)); *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982) ( the government "must carry the burden of showing how the proffered evidence is relevant to one or more issues in the case; specifically, it must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence").

Even where a defendant's alleged prior "other acts" are not procedurally barred by inadequate notice, the government still must then meet its substantive burden of demonstrating that such evidence is admissible under Federal Rules of Evidence 404(b) and 403. Prior acts that are untethered to a legitimate Rule 404(b) purpose are inadmissible at trial because they raise the forbidden inference that "the defendant is guilty because he committed another [] crime." *United States v. Luna*, 21 F.3d 874, 882 (9th Cir. 1994).

The government, as the proponent of the proffered other acts evidence in this case, must demonstrate on the merits that each incident meets the requirements of a four-part test developed by the Ninth Circuit for evaluating that admissibility of such other acts evidence under Rule 404(b). Specifically, the government must show as to each proffered other act: 1) that the evidence is sufficient to support a finding that the defendant committed the other act; 2) that introduction of the other act tends to prove a material point at the trial on the charged offense; 3) that the other act is not too remote in time; and 4) that, in cases where knowledge and intent are at issue, the other act is similar to the charged offense. *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1013 (9th Cir.

1   1995); *see also United States v. Curtin*, 489 F.3d 935, 958 (9th Cir. 2007) (en banc) (emphasizing

2   that the government has the burden of proving the materiality of the element for which the other acts

3   evidence is offered).

4     Moreover, even if the Court were to determine that the government had met its procedural

5   disclosure obligations and that it had substantively demonstrated admissibility under Rule 404(b), the

6   Court still must exclude such evidence under Federal Rule of Evidence 403 if its probative value is

7   substantially outweighed by the danger of unfair prejudice, or other pertinent considerations such as

8   wasting time. *See, e.g., Curtin*, 489 F.3d at 958 ("Because evidence of other crimes, wrongs, or acts

9   carries with it the inherent potential to see the defendant simply as a bad person . . . a trial court must

10  take appropriate care to see that this does not happen.").

11    In this case, the government has provided notice for introducing evidence of: (1) 2019 prior

12  felon in possession conviction; (2) Instagram stories and posts to Instagram

13  account,"i_do_this_fo_spunkz_and_yase" from March 17, 2022, March 25, 2022, March 30,2022,

14  May 3, 2022, May 20, 2022, May 27, 2022, and June 7, 2022; (3) unspecified photos from a cell

15  phone seized from Mr. Barnes on June 17, 2022 allegedly showing the charged firearm and other,

16  uncharged firearms;  and (4) evidence of Mr. Barnes' affiliation with Down Below Gangsters and

17  involvement as a victim in his friend's death. *See* Exhibit A, Government's March 29, 2023 404(b)

18  Notice. Consequently, the government should be procedurally precluded from introducing any "other

19  acts" evidence not noticed in the government's March 29, 2023 letter.[1]

20    **A.**  **Mr. Barnes's 2019 Firearm Possession Conviction is Inadmissible**

21    The government noticed its intent to offer evidence of Mr. Barnes' 2019 prior federal felon in

22  possession of a firearm conviction. This prior is not necessary to prove Mr. Barnes' prohibited status

23  as a convicted felon, or his knowledge of his status, since the parties expect to enter a stipulation

24  regarding these elements. *See Old Chief v. United States,* 519 U.S. 172 (1997). The conviction is also

25

26  _____

27  [1] Specifically, the government provided discovery on Saturday, April 1, 2023, that included a search
     warrant for the Instagram account "i_do_this_fo_spunkz_and_yase" and a second forensic extraction

28  of the cell phone. Any evidence recovered from these searches, or any other late-disclosed discovery,
     that has not already been specifically noticed should be excluded.

1   inadmissible under Rule 404(b) and does not "show the defendant's common plan, intent, knowledge,

2   and absence of mistake with respect to the firearm also at 42 Brookdale and despite the defendant

3   having a stay away order for that address and reporting another address to probation." Ex. A at 2.

### 1.    The Government's 404(b) Notice is Insufficient

5        The government's recitation of the grounds for admissibility under Rule 404(b) is not a

6   substitute for actually articulating a theory of relevance and admissibility. *United States v. Morley*,

7   199 F.3d 129, 133 (3rd Cir. 1999) (the "incantation of the proper uses of such evidence under the

8   rules does not magically transform inadmissible evidence into admissible evidence"). Frankly, Mr.

9   Barnes simply does not understand the government's stated theory of admissibility. The 2019 prior

10  should be procedurally precluded because the government has not articulated "precisely the

11  evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence."

12  *Mehrmanesh*, 689 F.2d at 830.

### 2.    The 2019 Prior is Inadmissible Under Rules 404(b) and 402

14       The 2019 prior is furthermore inadmissible under Rule 404(b) because it does not prove a

15  material point and is dissimilar from the charged offense. *See Vizcarra-Martinez*, 66 F.3d at 1013.

16       The material question at trial is whether Mr. Barnes possessed the Springfield XD firearm

17  found in a storage container in a room at 42 Brookdale Avenue, which is Mr. Barnes' mother's home,

18  during the execution of a search warrant on June 17, 2022. The 2019 incident involves possession of

19  an entirely different kind of firearm, four years ago, which Mr. Barnes carried on his person, while in

20  a car and on foot. Ex. A at 1. Furthermore, in 2019 Mr. Barnes discarded that firearm before he

21  entered 42 Brookdale Avenue. *Id*. No firearm was found inside 42 Brookdale Avenue during the

22  2019 incident. The 2019 incident neither bears on a material point at trial nor is it similar to the

23  charged incident. Insofar as the 2019 incident provides evidence that Mr. Barnes lived at 42

24  Brookdale Avenue in 2019, if deemed relevant, the government can certainly present evidence about

25  this issue that does not implicate Rule 404(b) or 403. The incidents do not share a "common plan."

26  There is no defense of mistaken or unintentional possession in this case, nor would the 2019 prior

27  address these issues.

28       The only similarity between the 2019 incident and the charge at trial is that Mr. Barnes illegally

possessed a firearm in 2019 and the government alleges he possessed a firearm in 2022, and therefore admission would violate the very purpose of Rule 404(b) against propensity evidence. The government has recently informed the defense that they expect a superseding indictment to reflect a possession date of June 17, 2022, as opposed to May 20, 2022, so even the government's theory of possession is likely different from the 2019 incident. The 2019 incident involved actual possession and there is no evidence that Mr. Barnes actually possessed any firearm on June 17, 2022. Under any theory, though, the 2019 incident is improper character evidence and must be excluded as inadmissible under Rule 404(b). *See McKinney v. Rees*, 993 F.2d 1378 (9th Cir. 1993) (prior weapon possession does not tend to prove possession of weapon in charged offense).

### 3. The 2019 Prior is Inadmissible Under Rule 403

Introducing evidence that Mr. Barnes was previously convicted of the same offense with which he is now charged is far more prejudicial than probative and must be additionally excluded under Rule 403. *See United States v. Thomas*, 321 F.3d 627, 634 (7th Cir. 2003) (introduction of prior firearm related convictions has minimal probative value outweighed by danger of unfair prejudice in federal felon in possession of firearm trial). There is a substantial risk that the jury will be influenced to convict Mr. Barnes in the charged offense if they hear he has been convicted of this offense in the past. The prior conviction is unduly prejudicial and should be excluded.

### B. Evidence from Instagram is Inadmissible

The government noticed its intent to admit evidence from Instagram as "directly relevant to, part of, and/or inextricably intertwined with the conduct charged in the Indictment, and therefore is admissible under Federal Rule of Evidence 401" or, in the alternative, seek to admit the evidence under Rule 404(b). Ex. A at 2.

### 1. The Government's 404(b) notice is insufficient

As an initial matter, the government should be procedurally precluded from introducing any Instagram evidence of "other acts" not noticed in the government's March 29, 2023, letter, or not provided to the defense in discovery before the March 28, 2023, 404(b) notice deadline.

Additionally, the government has only identified "other acts" by dates of posts, as opposed to identifying particular photographs or videos, and has not identified a basis for admissibility under

Rule 404(b). The discovery contains screenshots of stories posted to Instagram and the "dates" are only identified in the file name. Most files contain multiple images. Furthermore, innumerable "stories" appear to have been posted to the Instagram account each day, a small fraction of which have been provided in discovery. Without knowing which images the government seeks to introduce, it is impossible for "the defendant [to have] a fair opportunity to meet [the evidence]." Fed. R. Evid. 404(b)(3)(A). The notice is clearly insufficient and confusing because, for example, the government asserts that the May 27, 2022 post is of the SPH Springfield Armory XD40 firearm, but the video provided in discovery labeled "5.27.2022.mp4" does not depict any firearm. The government also fails to articulate any theory of admissibility under Rule 404(b), nonetheless "precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *Mehrmanesh* at 830 (citations omitted) (emphasis added). The Instagram evidence should be excluded for lack of sufficient notice.

### 2. Instagram evidence is inadmissible under Federal Rules 901 and 402, in the alternative, the defense requests an evidentiary hearing

Federal Rule of Evidence 901 requires the proponent of evidence to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." The government must also "establish a connection between the proffered evidence and the defendant." *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000). The preliminary determination of authenticity is for the Court before evidence can be admitted to the jury. *United States v. Vayner*, 769 F.3d 125, 131 (2nd Cir. 2014)

The government asserts in its 404(b) notice that the Instagram account "i_do_this_fo_spunkz_and_yase" is Mr. Barnes' account and therefore seeks to admit posts to the account from seven different dates. Ex. A at 2. Yet they have not established that foundational issue—that this is, in fact, Mr. Barnes' account. *See United States v. Vayner*, 769 F.3d 125, 131 (2nd Cir. 2014) ("The government did not provide a sufficient basis on which to conclude that the proffered printout was what the government claimed it to be—*Zhyltsou's* profile page—and there was thus insufficient evidence to authenticate the VK page and to permit its consideration by the jury."). Authenticity is closely tied to relevance, since posts to the Instagram account are only relevant to the

1   government's case if they were posted by Mr. Barnes. *See* Fed. R. Evid. 401; *Vayner*, 769 F.3d at 132

2   ("[t]he VK profile page was helpful to the government's case only if it belonged to [the defendant]").

3      The government has not noticed any expert to testify about the authenticity of the Instagram

4   account. If the government expects to rely on an undisclosed forensic analysis to establish that Mr.

5   Barnes posted the images at issue, they have not provided the requisite notice pursuant to Rule 16.

6   The government might be relying on an opinion formed by SFPD Officer Naser, which he stated in

7   the search warrant affidavit. Yet the opinion purported by Officer Naser is conclusory—he does not

8   detail evidence supporting his opinion and gives conflicting versions of his review of the account.

9   *State v. Allcock*, 212 Vt. 526, 656 (Vt. 2020) (police officer's conclusion that a social media account

10  belonged to defendant is not evidence and is irrelevant, the court must evaluate the evidence itself).

11  Office Naser is also not noticed as an expert to authenticate the posts.

12     The Court must make an individualized determination that the government has provided

13  sufficient evidence that the defendant made the social media posts at issue before presenting them to

14  the jury as defendant's posts. *See United States v. Lewisbey*, 843 F.3d 653, 658 (7th Cir. 2019) (in

15  addition to defendant admitting Facebook posts were his, the Facebook page lists his nickname,

16  birthdate, residence history, is associated with two of his emails, contains more than 100 photos of

17  him, a profile picture, had identifying messages, and the account was linked on his cell phone.)

18  Identifying information on the face of a social media account is not enough. In *United States v.*

19  *Vaynor*, the defendant's "name, photograph, and some details about his life" appeared on a social

20  media account, but "there was no evidence that [defendant] himself had created the page or was

21  responsible for its content." 769 F.3d 125, 132 (2nd Cir. 2014). Here, too, while Mr. Barnes appears

22  in some of the posts, these posts alone do not establish that he created the Instagram account or is

23  responsible for the posts offered by the government.

24     It is therefore particularly alarming that the government would try to admit photographs and

25  videos that *do not* depict Mr. Barnes (or depict an unrecognizable person) to prove that Mr. Barnes

26  committed some "other act" based on the unsubstantiated claim that Mr. Barnes is responsible for

27  those posts. Even if the government does authenticate the Instagram account as belonging to Mr.

28  Barnes, the government cannot show that the uncharged firearms depicted in photographs or videos

1    were ever possessed by Mr. Barnes. Fed. R. Evid. 901, 402. For the same reasons, such evidence is

2    inadmissible under Rules 401 and 404(b) as it is not relevant to Mr. Barnes' offense and does not

3    depict an "other act" by Mr. Barnes.

4         Absent proper foundation, all Instagram evidence should be excluded pursuant to Rule 901. If

5    the Court is inclined to admit the Instagram evidence, the defense moves for an evidentiary hearing to

6    address the foundational issues of authentication.

7              **3.    Instagram Evidence is not precluded from 404(b) analysis**

8         In its 404(b) notice, the government argues that Instagram evidence is "directly relevant to, part

9    of, and/or inextricably intertwined" with the charged offense and therefore may not be subject to Rule

10   404(b) analysis. Ex. A at 2. The government has not, however, provided the requisite "contextual or

11   substantive connection between the proffered evidence and the alleged crime to justify exempting the

12   evidence from the strictures of Rule 404(b)." *Vizcarra-Martinez*, 66 F.3d at 1013.

13        The Instagram images are not "inextricably intertwined" with the charged offense. The

14   government appears to be changing their theory of guilt by filing a superseding indictment changing

15   the date of possession from May 20, 2022 to June 17, 2022. No Instagram post is from on or about

16   June 17, 2022. Under either date, though, Instagram images are not so closely intertwined with the

17   charged incident that, without them, the charged incident and alleged defenses would lack necessary

18   context. In *United States v. Daly*, for example, where the defendant was charged with possessing a

19   firearm *during* a shootout, the Court held "[s]pecific evidence regarding the shoot-out was necessary

20   to put [the defendant's] illegal conduct into context and to rebut his claims of self-defense." 974 F.2d

21   1215, 1216 (9th Cir. 1995). The Instagram photographs are on different dates, in different locations,

22   and largely—if not entirely—involve different firearms or replica altogether. The Instagram evidence

23   should be excluded since the government has not provided sufficient notice and basis for

24   admissibility.

25             **4.    Instagram evidence is inadmissible under Rule 403**

26        The government has not articulated any permissible basis to admit Instagram evidence. If the

27   government intends to introduce Instagram images that it purports depicts firearms or gang

28   affiliation, however, such other acts evidence would be far more prejudicial than probative. The

Ninth Circuit has "frequently held that 'the admission into evidence of weapons, or pictures of weapons, which are not directly related to the crime, and to which proper objection is made, is prejudicial to the defendant and in many cases it has been held to be reversible error.'" *United States v. Bonelli*, 665 F. App'x 593, 595 (9th Cir. 2016) (quoting United States v. Meling, 47 F.3d 1546, 1557 (9th Cir. 1995)). [P]hotographs of firearms often have a visceral impact that far exceeds their probative value. *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992) (photograph of the defendant's gun next to other guns which he did not own, introduced to establish that the gun he owned was clean, was unduly prejudicial). Here, Instagram evidence of the possession of other firearms or gang affiliation is unduly prejudicial and should be excluded. *Thomas*, 321 F.3d at 634 (introduction of prior firearm related convictions has minimal probative value outweighed by danger of unfair prejudice in federal felon in possession of firearm trial).

C.     **Unspecified Photographs From Probation's Cell Phone Extraction Are Inadmissible**

The government seeks to introduce "[p]hotos from the defendant's phone of the SPH Springfield Armory XD40 firearm that the defendant is charged with possessing as well as photos of other firearms and photos of the defendant with firearms" as evidence of prior acts of the defendant under Rule 404(b). Ex A at p. 2.

1.     **The government's 404(b) notice is insufficient**

The government has been in possession of a Cellebrite extraction performed by Probation Officer Alex Gerstel, which contains over 2200 images and over 600 videos, since September 2022, yet the 404(b) notice does not specify which of the images or videos the government seeks to introduce. Without knowing which images the government seeks to introduce, it is impossible for "the defendant [to have] a fair opportunity to meet [the evidence]." Fed. R. Evid.  404(b)(3)(A). Moreover, the government fails to articulate "the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose," which further prejudices Mr. Barnes. Fed. R. Evid.  404(b)(3)(B). These deficiencies may serve as a basis for excluding the other acts evidence altogether.  *Vega*, 188 F.3d at 1153 (a court has discretion to exclude other acts evidence if it finds that the proffering party's "notice was not reasonable, either because of lack of

timeliness or completeness."); *see also* Fed. R. Evid. 404(b) advisory committee note (1991 amdt.)

("Because the notice requirement serves as a condition precedent to admissibility of 404(b) evidence,

the offered evidence is inadmissible if the court decides that the notice requirement has not been

met.") Consequently, all cell phone photos should be excluded.

### 2.     Photographs of firearms are inadmissible under Rules 901 and 402

As a threshold matter, the government cannot show that the uncharged firearms depicted were

ever possessed by Mr. Barnes. Fed. R. Evid. 901, 402. Some of the images have obvious indications

that they are merely screenshots of Instagram posts or stories or downloads from websites. Other

images contain no metadata to indicate whether they were ever in Mr. Barnes's physical presence. To

the extent that the government cannot establish that he ever possessed these firearms, his interest in or

possession of *photographs* depicting firearms is not relevant to whether he possessed a real

Springfield Armory XD40 on May 20, 2022, for any reason other than propensity.

### 3.     Photographs of firearms are inadmissible under Federal Rule of Evidence 403

The government has not articulated any permissible basis to admit photographs of firearms

from Mr. Barnes's cell phone, but even if it could, such other act evidence would be far more

prejudicial than probative. The Ninth Circuit has "frequently held that 'the admission into evidence of

weapons, or pictures of weapons, which are not directly related to the crime, and to which proper

objection is made, is prejudicial to the defendant and in many cases it has been held to be reversible

error.'" *United States v. Bonelli*, 665 F. App'x 593, 595 (9th Cir. 2016) (*quoting United States v.

Meling*, 47 F.3d 1546, 1557 (9th Cir. 1995)). [P]hotographs of firearms often have a visceral impact

that far exceeds their probative value. *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992)

(photograph of the defendant's gun next to other guns which he did not own, introduced to establish

that the gun he owned was clean, was unduly prejudicial). Here, evidence of the possession of other

firearms is clearly propensity evidence, and -especially if the Court allows the government to

introduce evidence of gang affiliation - the jury may well infer that Mr. Barnes is simply so

dangerous or gun-crazy that he should be locked up regardless of whether or not he committed this

offense.

### D.    Evidence of or Reference to Gang Affiliation is Inadmissible.

The government seeks to introduce "[e]vidence of the defendant's affiliation with the Down Below Gangsters and involvement as a victim in the shooting death of his friend, Roderick Donelson("Spunkz"), for the purpose of identity of the user of the account "i_do_this_fo_spunkz_and_yase," motive, and context for the posts." Ex. A at 2.

#### 1.    Evidence of gang affiliation should be excluded under Rules 402, 901

In order to introduce evidence that Mr. Barnes was a gang member for any purpose, the government must first establish sufficient foundation that the defendant is in fact a member of the gang. *United States v. Dickens*, 775 F.2d 1056, 1058 (9th Cir. 1985). The government's proposed gang expert, Sgt. Matthew Dudley, will not testify that Mr. Barnes is a member of a gang. Ex. ___, Dudley Disclosure. Even Officer Naser's search warrant affidavit identifies Mr. Barnes as an affiliate of the Down Below Gang rather than a member. Nor does the government's proposal that because Mr. Barnes was a victim in the shooting death of his friend, Roderick Donelson ("Spunkz"), he must be gang affiliated tend to actually show he is a gang member.  In fact, it shows the opposite – that he has a legitimate, personal reason to mourn his friend years after his death, separate from any alleged gang affiliation.

#### 2.    Evidence of gang affiliation should be excluded under Rule 404(b)

 The Government must also demonstrate that evidence of gang membership is relevant to an issue to be determined in this proceeding. *Dawson v. Delaware*, 503 U.S. 159, 165 (1992). Evidence of gang membership cannot be introduced simply to show the defendant's bad character, but is admissible only where such evidence is directly relevant to an issue to be determined in the proceedings. *See United States v. Santiago*, 46 F.3d 885, 889-90 (9th Cir. 1995) (gang evidence admissible to show motive where defendant murdered a complete stranger in order to attain membership in the gang). Here, the government asserts it will use evidence of gang affiliation to show "identity" - that Mr. Barnes is the user of the i_do_it_fo_spunkz_and_yase Instagram account. First, if the government cannot show that Spunkz and Yase are slain gang members (and they have noticed no such testimony) and that Mr. Barnes is also a member of that gang, the evidence is wholly irrelevant.  More importantly, however, ownership of the Instagram account is a condition precedent

1  to admissibility of the Instagram evidence, not an issue for the jury. *See e.g. Vayner,* 769 F.3d at 131

2  (where government did not authenticate the proffered social media page as belonging to the

3  defendant, there was insufficient evidence to permit its consideration by the jury).

### 3. Evidence of gang affiliation should be excluded under Rule 403

5  Even with sufficient foundation, evidence of gang membership cannot be admitted to show the

6  general propensity of a gang member to commit a crime, and must be more probative than

7  prejudicial. Fed. R. Evid. 403. Evidence of gang affiliation, however, should be treated with

8  particular caution. The Ninth Circuit has explained that "[e]vidence of gang membership may not be

9  introduced ... to prove intent or culpability," and "the use of gang membership evidence to imply

10 'guilt by association' is impermissible and prejudicial." *Kennedy v. Lockyer,* 379 F.3d 1041, 1055

11 (9th Cir. 2004). Numerous courts have reversed convictions where prejudicial evidence of gang

12 membership was introduced against the defendant at trial, even where such evidence may have been

13 otherwise relevant. For example, in *United States v. Roark*, 924 F.2d 1426, 1434 (8th Cir. 1991), the

14 court reversed a conviction for methamphetamine conspiracy where the district court admitted the

15 "inherently and unfairly prejudicial" evidence that the defendant was a member of the Hells Angels.

16 The court explained that evidence of gang membership "deflects the jury's attention from the

17 immediate charges and causes it to prejudge a person with a disreputable past, thereby denying that

18 person a fair opportunity to defend against the offense that is charged." *Id.* (citations omitted). As a

19 result, the court held that "the government's attempts to tie Appellant's guilt directly to his

20 association with the Hells Angels Motorcycle Club constitutes reversible error." *Id.* Likewise, the

21 court in *United States v. Irvin,* 87 F.3d 860, 865-66 (7th Cir. 1996), reversed the methamphetamine

22 conviction of one co-defendant where the district court admitted evidence of gang membership. The

23 court explained:

> Gangs generally arouse negative connotations and often invoke images of criminal
> activity and deviant behavior. There is therefore always the possibility that a jury will
> attach a propensity for committing crimes to defendants who are affiliated with gangs or
> that a jury's negative feelings toward gangs will influence its verdict. Guilt by association
> is a genuine concern whenever gang evidence is admitted.

*Id.* at 865 (footnote omitted). Finding that "[t]he highly charged gang-affiliation evidence

served as a substitute" for direct evidence of guilt of the charged offenses, thereby "increasing the

chance of guilt purely by association," the court held that the admission of such evidence was an

1   abuse of discretion under Rule 403. *Id.* at 866.

2        Accordingly, the Government must show all three requirements (foundation, relevance, and a

3   probative value which outweighs the prejudicial effect) have been met in order to admit evidence of

4   gang affiliation. Here, while the Government has produced discovery indicating that they suspect Mr.

5   Barnes of being a gang "affiliate," Mr. Barnes's alleged gang affiliation is only minimally probative

6   of any identity issue to be presented to the jury. In this case, gang affiliation evidence will be used to

7   impermissibly suggest that, because Mr. Barnes is supposedly a member of a gang, he is generally

8   more likely to possess a firearm – which is precisely the inference forbidden by Federal Rule of

9   Evidence 404. Thus, even if the Government could demonstrate sufficient foundation, evidence of

10  gang affiliation must be excluded because the Government cannot demonstrate how this evidence is

11  relevant to the issues to be decided in this case. Finally, as courts have repeatedly held, allegations of

12  gang membership are inherently prejudicial. Here, any evidence of gang affiliation could at most bear

13  only tangential relevance to the issue to be decided in this case – whether Mr. Barnes knowingly

14  possessed the firearm in question. Thus, even if the Government could demonstrate sufficient

15  foundation and articulate a legitimate theory of relevance, the Court must exclude evidence of Mr.

16  Barnes's alleged gang affiliation under Rule 403 because any minimal probative value as to identity

17  is substantially outweighed by the danger of unfair prejudice.

18  **III.   Evidence and argument regarding why any other firearm was not charged should be
    excluded**

19

20        If the Court allows the government to admit photographs or testimony regarding any uncharged

21  firearm, it is not relevant why Mr. Barnes is not federally charged with any other firearm and any

22  probative value of explaining why he is not being charged in connection to a different firearm is

23  "substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the

24  jury, undue delay, wasting time, needlessly presenting cumulative evidence," and must be excluded

25  under Federal Rule of Evidence 403. Fed. R. Evid. 402, 403. Such evidence and argument also

26  invites the jury to punish Mr. Barnes for possession of an uncharged firearm rather than the charged

27  firearm, which is improper propensity evidence under Rule 404(b).

28

**IV.    The court should exclude proffered testimony of government experts and any unnoticed expert testimony or opinions**

Expert testimony is admissible under Rule 702 only if it is both relevant and reliable. *See Daubert v. Merrell Dow Pharms.*, Inc., 509 U.S. 579, 589 (1993). "[R]elevance means that the evidence will assist the trier of fact to understand or determine a fact in issue." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007); *see also Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010). With respect to when expert testimony will assist the trier of fact, the advisory committee notes for Rule 702 "refer to the traditional common law rule that expert testimony is called for when the 'untrained layman' would be unable intelligently to determine 'the particular issue' in the absence of guidance from an expert." *United States v. Mejia*, 545 F.3d 179, 189 (2d Cir. 2008); *see also* Fed. R. Evid. 702 advisory committee notes ("There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.")

Under the reliability requirement, the expert testimony must "ha[ve] a reliable basis in the knowledge and experience of the relevant discipline." *Primiano*, 598 F.3d at 565. To ensure reliability, the court must "assess the [expert's] reasoning or methodology, using as appropriate such criteria as testability, publication in peer reviewed literature, and general acceptance." *Id.* These factors are not exclusive, and a court has discretion to decide how to test reliability "based on the particular circumstances of the particular case." *Id.* (footnotes omitted). In addressing expert testimony regarding gangs, the Ninth Circuit has recognized that the "Daubert factors" are sometimes not applicable to testimony "whose reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000).

**A.    The Court Should Exclude Any Undisclosed Experts Or Opinions**

On December 1, 2022, the subsection of Fed. R. Crim. P. 16 concerning the government's expert disclosures was amended to require substantially greater disclosure than the previous iteration. Fed. R. Crim. P. 16(a)(1)(G). The spirit of the Rule (as explained in the commentary to the 2022 Amendment) is to ensure that the other party has sufficient time to respond, including by hiring a

1  rebuttal expert, and filing appropriate pretrial motions. ("It is intended to facilitate trial preparation,

2  allowing the parties a fair opportunity to prepare to cross-examine expert witnesses and secure

3  opposing expert testimony if needed"). Fed. R. Crim. P. 16.

4        The rule has always required the government to provide a written summary of the testimony,

5  and in that summary to set forth the witness's opinions as well as the bases and reasons for those

6  opinions.  *Id*.  The Advisory Committee reinforced the importance of these disclosures:

> [T]he requesting party is entitled to a summary of the expected testimony.
> This provision is intended to permit more complete pretrial preparation by
> the requesting party.  For example, this should inform the requesting party
> *whether the expert will be providing only background information on a
> particular issue or whether the witness will actually offer an opinion*. . .
> [P]erhaps most important, the requesting party is to be provided with a
> summary of the bases of the expert's opinion.

11  1993 Amendment, Advisory Notes (emphasis added).

12        The Ninth Circuit has upheld the exclusion of government experts as a sanction for the

13  prosecutor's failure to comply with Rule 16.  *See United States v.  W.R.  Grace,* 526 F.3d 499, 513

14  (9th Cir.  2008) (en banc).  In arriving at its holding, the *W.R.  Grace* court emphasized that under

15  Rule 16, the government's expert disclosures must set forth not only the proposed expert's opinions,

16  but also the "bases and reasons for those opinions."  *Id.*  Because the government failed to satisfy this

17  obligation, the court found no abuse of discretion in excluding those witnesses whose opinions were

18  inadequately disclosed.  *Id.*

19        Here, the government disclosed three experts, DNA expert Criminalist Alain Oyafuso,[2] gang

20  expert SFPD Sgt. Matthew Dudley, and interstate nexus testimony by ATF agent Joseph

21  Centofranchi. Because disclosure of other experts and additional opinions of the disclosed experts

22  would not allow the defense sufficient time to respond, hire a rebuttal expert, or file motions in

23  limine, the Court should exclude any further government experts, or additional opinions of the

24  disclosed experts.

25

26

27  _____

28  [2] Mr. Barnes does not object to the proposed testimony of Criminalist Oyafuso, as set forth in the
government's expert disclosure.

**B.      The Court Should Exclude the Proposed Expert Testimony of Special Agent Centrofranchi**

According to the government, Special Agent Centofranchi will testify that the Springfield Armory XD40 "is a 'firearm' as defined in 18 U.S.C. § 921(a)(3)" and that both varieties of ammunition are "'ammunition' as defined in 18 U.S.C. § 921(a)(17)(a)." Ex. B, SA Centrofranchi Expert Disclosure. He will also testify that the firearm was manufactured in Croatia and that "his analysis, inspection, and research confirmed that the ammunition…were not manufactured in the state of California." *Id.*

**1.      The government failed to provide adequate notice for Special Agent Centrofranchi's testimony about the firearm and ammunition**

The government has failed to provide adequate notice for Special Agent Centofranchi's testimony about the firearm and ammunition, specifically his opinions regarding where the firearm and ammunition were manufactured, and his opinion that the firearm and ammunition met the statutory definition. Ex. B. The disclosures do not explain the specific methods, bases, and *reasons* by which Special Agent Centrofranchi determined that the ammunition was manufactured in Brazil and Mississippi or Illinois and the ammunition is "ammunition" as defined under 18 U.S.C. § 921. The disclosures do not indicate, for instance, what the substance of the ATF database and resource information was that led Special Agent Centrofranchi to determine the firearm was manufactured by H Produkt in Croatia. See Ex. B. at 3. If Special Agent Centrofranchi merely consulted records, he is no more qualified to interpret the records than a jury. *See Brandon v. Vill. of Maywood*, 179 F. Supp. 2d 847, 853 (N.D. Ill. 2001) (FBI certified firearms instructor was no more qualified to interpret training manual about the science of bullet ricochets and medical records regarding bullet injury than a jury, and thus he could not testify as an expert witness regarding bullet ricochet).

Likewise, Special Agent Centrofranchi described no characteristics of the firearm or ammunitions that led him to believe they met the statutory definitions. *See United States v. Valencia-Lopez*, 971 F.3d 891, 900 (9th Cir. 2020) ("by never explaining how his expertise lent itself to that conclusion, we cannot sort out what 'reliable principles and methods underlie the particular conclusions offered.'"). "The plain purpose of Rule 16 is to prevent exactly the situation threatened here – a defendant facing imminent trial without an adequate opportunity to prepare for evidence that the government intends to use against him." *United States v. Valdez*, No. 18-CR-00608- JD-1, 2019 WL

539074 (N.D. Cal. Feb. 11, 2019). The Advisory Committee Note to the 1993 Amendment of Rule 16 underscored the intention "that the bases and reasons must be sufficient to allow counsel to frame a *Daubert* motion (or other motion in limine), to prepare for cross-examination, and to allow a possible counter-expert to meet the purport of the case-in-chief testimony." *United States v. Cerna*, No. 08-CR-0730 WHA, 2010 WL 2347406, at *1 (N.D. Cal. June 8, 2010). Without adequate disclosure of the bases, methods, and reasons underlying Special Agent Centrofranchi's opinions, the defense cannot frame a *Daubert* motion and the testimony should be excluded, as Judge Donato did in *Valdez. No. 18-CR-00608-JD-1, 2019 WL 539074 at *2-3.*

### 2.    Special Agent Centrofranchi's proposed testimony violates the Confrontation Clause

Mr.  Barnes's Confrontation Clause rights are violated by permitting Special Agent Centrofranchi to simply convey information he learned from records rather than producing for cross-examination the person who created the information. The records that purports to establish the fact of the location of the ammunitions manufacturer are "functionally identical to live, in-court testimony, doing 'precisely what a witness does on direct examination.'" *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310–11 (2009). Moreover, law enforcement records regarding the manufacturer were presumably "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Crawford v. Washington*, 541 U.S. 36, 52 (2004). In *Melendez-Diaz*, the Supreme Court explained that a clerk's certificate attesting to the fact that the clerk had searched for a particular relevant record and failed to find it is testimonial and the clerk must be subject to confrontation. 557 U.S. at 323. Similarly, here, the records that purport to tie a cartridge headstamp to a particular manufacturer and that manufacturer to a particular location are testimonial, and the creators of the record must be subject to confrontation. *See United States v. Martinez-Rios*, 595 F.3d 581, 586 (5th Cir. 2010) (admission of certificate of nonexistence of record (CNR), which reflected that deported defendant had not received consent for readmission into the United States, violated Confrontation Clause, since field office director who created CNR did not testify).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### C.     The Court Should Exclude the Testimony of SFPD Sgt. Dudley

According to the government's expert disclosure, Sgt. Dudley will opine that "DBG and Towerside frequently use social media, including Instagram, to disrespect and threaten each other and to continue the rivalry between the gangs." Ex. C at 2. The government has failed to establish a factual basis for, or the reliability of, Sgt. Dudley's opinion. Mr. Barnes has already objected to any testimony regarding gang affiliation under Federal Rules of evidence 901, 404(b), 403, and 402 and incorporates those arguments here. *See* Section II(D).

#### 1.     Sgt. Dudley's opinions regarding gang use of social media are not reliable or helpful to the jury

In addressing expert testimony regarding gangs, the Ninth Circuit has recognized that the "*Daubert* factors" are sometimes not applicable to testimony "whose reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000).

In *United States v. Mejia*, the court addressed the dangers inherent in police officer gang testimony and noted the importance of properly screening such testimony:

> [I]t is a little too convenient that the Government has found an individual who is expert on precisely those facts that the Government must prove to secure a guilty verdict - even those so when that expert happens to be one of the Government's own investigators. . . . When the Government skips the intermediate steps and proceeds from internal expertise to trial, and when those officer experts come to court and simply disgorge their factual knowledge to the jury, the experts are no longer aiding the jury in factfinding; they are instructing the jury on the existence of the facts needed to satisfy the elements of the charged offense.

*Mejia,* 545 F.3d at 191. The *Mejia* court went on to note that an officer testifying to the factual elements of an offense is not helpful to the jury:

> If the officer expert strays beyond the bounds of appropriately "expert" matters, that officer becomes, rather than a sociologist describing the inner workings of a closed community, a chronicler of the recent past whose pronouncements on elements of the charged offense serve as shortcuts to proving guilt.

*Id.* at 190. Relying on *Mejia*, Judge Alsup succinctly re-stated the principle: "In other words, expert testimony must serve as an aid to understanding facts - not a summary of the government's best case." *United States v. Cerna*, 2010 U.S. Dist. LEXIS 146687, *20 (N.D. Cal. 2010).

In *Cerna,* the court addressed expert testimony that "seeks to establish that MS-13 members were expected to perpetrate violent acts in furtherance of the enterprise - a critical element to proving up the VICAR charges." *Id.* Ultimately, Judge Alsup found that testimony from law enforcement

1    experts that would establish the elements of the offense would not help the jury: "While the

2    government must prove the enterprise elements, the government should do so via ordinary fact proof

3    - cooperating witnesses, informants, defendant statements, victim testimony, and other traditional

4    methods. The jury will not need police opinion evidence to synthesize such plain vanilla evidence."

5    *Id.* at *20-21.

6          Citing *Mejia* and Judge Alsup's order in *Cerna,* Judge Orrick more recently limited the scope

7    of expert opinion by a law enforcement gang investigator in a similar manner:

8          Two days of testimony from [the expert] at the Daubert hearing underscored the
         telescoped nature of his expertise (gained on the job in the Western Addition) and

9          the impossibility of testing its reliability on many topics because of its
         dependence on information gleaned from unidentified gang members and citizens,

10        confidential informants, and open investigations. The government needs to prove
         the existence of a criminal enterprise and the violent crimes committed on its

11        behalf on the basis of evidence from lay witnesses, not through the opinions of a
         police officer . . .

12    *United States v. Williams*, 2016 U.S. Dist. LEXIS 30318, *16-17 (N.D. Cal. 2016).

13     Here, the government is asking to call an expert witness to opine that the gang Mr. Barnes is

14    alleged to belong to has a habit of posting on social media to "threaten" its rival gang, essentially that

15    Mr. Barnes possessed a weapon and posted it on social media in order to threaten rival gang

16    members. In other words, that Mr. Barnes is guilty of the exact conduct described in the indictment.

17    Allowing a law enforcement expert to add interpretive gloss to the evidence, under the cloak of

18    "expertise", goes far beyond what is helpful to the jury.

19         Moreover, the government's letter does not provide a reliable basis for Sgt. Dudley's opinion.

20    The general references to his experiences, without any specific information about particular

21    investigations or cases, is far too vague to make the opinion reliable. *See Williams*, 2016 U.S. Dist.

22    LEXIS 30318 at *21-22 (N.D. Cal. 2016); *see also United States v. Cervantes*, 2016 U.S. Dist.

23    LEXIS 15837, *28 (N.D. Cal. 2016) ("The specificity with which each expert seeks to opine

24    combined with the failure to explain his reasoning or analysis, or to distinguish among the sources on

25    which he relied, lead the Court to find that the opinions . . . are not admissible.'); *United States v.*

26    *Cerna*, 2010 U.S. Dist. LEXIS 146687, *24 (N.D. Cal. 2010) ("[The expert] testified that the basis

27    for this opinion was his 'training and experience,' 'conversations with other officers,' and 'reviewing

28    documentaries.' This description is so general that it is impossible to tell how the . . . opinion was

1  extrapolated, much less whether it was properly extrapolated.'); *see also United States v. Hermanek*,

2  289 F.3d 1076, 1094 (9th Cir. 2002).

3      Sgt. Dudley's opinions on gang use of social media are not reliable because they are not

4  supported by a specific factual basis and also do not provide adequate notice to the defense. Absent

5  such a basis, the Court cannot be assured that the opinion is reliable, and there is no criteria by which

6  the Court can apprise the accuracy of Sgt. Dudley's opinions.

7  **V.  The Court Should Designate All Government Witnesses as Under Defense Subpoena Unless Released**

8

9      Government witnesses noticed for trial occasionally are released by the Government without

10  informing the defense, and thereafter become unavailable. In order for Mr. Barnes to retain access to

11  these witnesses, he requests this Court to order that any released Government witnesses be considered

12  under defense subpoena.

13      Indigent defendants such as Mr. Barnes are provided the opportunity to have the Government

14  subpoena witnesses on their behalf by the Sixth Amendment and by Fed. R. Crim. P. 17(b). *United*

15  *States v. Barker*, 553 F.2d 1013, 1019 (6th Cir. 1997). In addition, this Court has the inherent power

16  to subpoena witnesses on behalf of indigent individuals. *See Lloyd v McKendree*, 749 F.2d 705, 706-

17  07 (11th Cir. 1985); *Link v. Wabash*, 370 U.S. 626, 630 (1962) ("The inherent powers of the federal

18  courts are governed not by rule or statute but by the control necessarily vested in courts to manage

19  their own affairs so as to achieve the orderly and expeditious disposition of cases."). To safeguard

20  against the loss of vital witness testimony and to ensure that this indigent defendant is provided all

21  Fifth and Sixth Amendment rights, Mr. Barnes requests that the Court exercise its inherent power to

22  order that any released Government witnesses be considered under defense subpoena for the duration

23  of the trial.

24  **VI.  Government Witnesses Must be Excluded from All Trial Troceedings (Fed. R. Evid. 615)**

25      Mr. Barnes is entitled to exclusion of government witnesses as a matter of law. Federal Rule of

26  Evidence 615 provides that "[a]t the request of a party the court shall order witnesses excluded so that

27  they cannot hear the testimony of other witnesses." Rule 615 is intended to ensure a fair trial by

28  preventing collusion of witnesses and fabrication of testimony, and by helping reveal instances where

1   such fabrication or collusion actually occurs. *See Geders v. United States*, 425 U.S. 80, 87 (1976)

2   (observing that the rule "exercises a restraint of witnesses 'tailoring' their testimony to that of earlier

3   witnesses; and it aids in detecting testimony that is less than candid"); *see also Taylor v. United*

4   *States*, 388 F.2d 786, 788 (9th Cir. 1967) (stating that exclusion is designed to "prevent the shaping

5   of testimony by hearing what other witnesses say").

6          Witnesses should be excluded during motion hearings, opening statements and closing

7   arguments, as well as during witness testimony. *United States v. Brewer*, 947 F.2d 404, 407-11 (9th

8   Cir. 1991) (holding that witness exclusion under Rule 615 applies during evidentiary hearings, such

9   as those in a motion to suppress); *United States v. Juarez*, 573 F.2d 267, 281 (5th Cir. 1978)

10   (affirming trial court's decision to exclude defendant's witnesses from closing arguments, "[b]ecause

11   closing arguments of counsel often restate witness testimony… thus jeopardizing the fairness of a

12   second trial should one be necessary"). Rule 615 requires that non-exempt witnesses be excluded

13   from the courtroom during all witness testimony; that is, that they should remain excluded even after

14   testifying. Fed. R. Evid. 615; *United States v. Ell*, 718 F.2d 291, 293 (9th Cir. 1983) (holding that

15   trial court erred by not excluding prosecution witness who had already testified); *United States v.*

16   *Sepulveda*, 15 F.3d 1161, 1175-77 (1st Cir. 1993) (holding that in addition to the power to exclude

17   under Rule 615 a district court retains inherent power to, "make whatever provisions it deems

18   necessary to manage trials,… including the sequestration of witnesses *before, during and after* their

19   testimony" (citing *Geders*, 425 U.S. at 87)) (emphasis added).

20   **VII.  The Court Should Exempt the Defense Investigator from Witness Exclusion Orders (Fed. R. Evid. 615(c))**

21

22          The presence of Public Defender investigator Michael Portman at trial is essential to the

23   defense and he should be exempt from any witness exclusion order. Rule 615 includes an exception

24   to witness exclusion for "a person whose presence a party shows to be essential to present the party's

25   claim or defense." Fed. R. Evid. 615(c). This exception has been applied to permit defense

26   investigators to be present at trial, even when it is anticipated that they may testify. *See United States*

27   *v. Ortiz*, 10 F. Supp. 2d 1058 (N.D. Iowa, 1998). As the Ortiz court noted, exempting an essential

28   defense investigator from a witness exclusion order is both authorized by statute and required by

considerations of fairness:

> Even one case agent available to the government has access to almost unlimited law enforcement investigative resources—federal, state, and local—to perform the necessary footwork if unanticipated issues come up during trial. Against this full panoply of resources available to the government, a criminal defendant can reasonably show the presence of one investigator in the courtroom, who must also then perform the footwork of necessary investigations and testify upon the results of his or her investigations, is "essential" within the meaning of the Rule 615(3) exemption.

*Id.* at 1066. Mr. Portman has been assigned to this case for months and is familiar with the facts and witnesses. It is critical to the defense that he be permitted to remain in the courtroom so he can respond to witness testimony with prompt investigation and assist defense counsel. Consequently he should be designated as essential and exempt from witness exclusion orders under Rule 615.

**VIII. Disclosure of Henthorn, Brady, Giglio, and Jencks Act materials (Crim. L.R. 17.1-1(b)(1)-(3))**

The government has a continuing obligation to produce all *Henthorn*,[3] *Brady*,[4] *Giglio*,[5] and *Jencks*[6] materials. The Court should remind the government of its continuing obligations and order compliance with the government's obligation to disclose any information bearing on the veracity, character, bias, or reputation of its witnesses—as well as any other information that may be favorable to the defense.

Dated:      April 4, 2023

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

_____
/S
GABRIELA BISCHOF
SOPHIA WHITING
Assistant Federal Public Defenders

---

[3] *United States v. Henthorn,* 931 F.2d 29, 30 (9th Cir. 1991)
[4] *Brady v. Maryland*, 373 U.S. 83 (1963)
[5] *Giglio v. United States*, 405 U.S. 150 (1972)
[6] The Jencks Act (18 U.S.C. § 3500)