UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MARKQUEZ BARNES,<br>Defendant. | Case No. 22-cr-00429-VC-1<br><br>**ORDER RE JURY INSTRUCTIONS**<br>Re: Dkt. No. 57 |

The Court will file its proposed preliminary jury instructions before the Excusal Hearing, and it will file its proposed substantive instructions before the Charging Conference.

The Court will adopt a version of the government's proposed instruction for the jurisdictional element of 18 U.S.C. § 922(g)(1). The government does not need to prove that Barnes knew the gun had traveled in interstate commerce. *See United States v. Stone*, 706 F.3d 1145, 1147 (9th Cir. 2013); *Rehaif v. United States*, 139 S. Ct. 2191, 2196 (2019) ("Because jurisdictional elements normally have nothing to do with the wrongfulness of the defendant's conduct, such elements are not subject to the presumption in favor of scienter."). And the government does not need to prove that Barnes was engaged in commercial or economic activity for § 922(g)(1) to be a valid exercise of Congress' power under the Commerce Clause. *United States v. Bron*, 709 F. App'x 551, 552–55 (11th Cir. 2017); *United States v. Roszkowski*, 700 F.3d 50, 58–59 (1st Cir. 2012) ("Even if *Sebelius* changed the Supreme Court's Commerce Clause jurisprudence, it did nothing to undermine the validity of 18 U.S.C. §[] 922(g)(1).").

//

//

**IT IS SO ORDERED.**

Dated: April 21, 2023

_____

VINCE CHHABRIA
United States District Judge