CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

MAYA KARWANDE (CABN 295554)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-7234
Maya.Karwande@usdoj.gov

Attorneys for United States of America

FILED

Oct 15 2026

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARKQUEZ BARNES,

Defendant.

**CASE NO. 22-CR-00429-VC**

**~~[PROPOSED]~~ DETENTION ORDER**

On October 5, 2026, a Form 12 was filed charging defendant Markquez Barnes with four violations of his conditions of supervised release. Dkt. 123.

This matter came before the Court on October 8, 2026 for a detention hearing. The defendant was present and represented by Assistant Federal Public Defender Karthik Raju. Assistant United States Attorney Maya Karwande appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds that Mr. Barnes failed to show by clear and convincing evidence that he would not pose a danger to any other person or to the community. *See* Fed. R. Crim. P. 32.1(a)(6). Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the bases for its conclusion: Since being on supervised release, Mr. Barnes has not complied with the conditions that he refrain from unlawful use of a controlled substance. Mr. Barnes has also failed to comply with the condition that he attend a mental health assessment for treatment and that he participate in outpatient substance abuse treatment. On October 4, 2026, Mr. Barnes was arrested after a bystander called the police and reported that a person, later identified as Mr. Barnes, had slapped a woman and appeared agitated. When Mr. Barnes was arrested he gave a false name, refused to go into the patrol vehicle and became assaultive, kicking and spitting at the officers. Given this record, Mr. Barnes has not shown by clear and convincing evidence that he will not be a danger to the community. This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: October 15, 2026

HONORABLE ALEX G. TSE
United States Magistrate Judge